UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLEN WRIGHT,

    Plaintiff,

v.                                      Case No. 3:18cv330-MCR-HTC

MARK S. INCH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Mark S. Inch and Erin Guy's Motion to Dismiss (ECF Doc. 19) and Plaintiff's response in opposition (ECF Doc. 26).[1] The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions and the relevant law, the undersigned recommends that the Motion to Dismiss be granted in part and denied in part.

### BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Okaloosa Correctional Institution ("Okaloosa CI"). Plaintiff's

---

[1] ECF Doc. 19 was filed on behalf of Julie L. Jones and Erin Guy and requested that Inch be substituted for Jones as Jones is no longer the Secretary of the FDOC. Inch was substituted as a defendant by order of the Court on January 17, 2019 (ECF Doc. 21).

amended complaint names three Defendants: (1) Mark S. Inch,[2] the Secretary of the FDOC; (2) Dr. Luis Lopez-Rivera,[3] a physician at Okaloosa CI; and (3) Erin Guy,[4] the food service director at Santa Rosa Correctional Institution ("Santa Rosa CI"). ECF Doc. 7. The amended complaint sets forth the factual allegations that follow, the truth of which are accepted for purposes of this Report and Recommendation.

Plaintiff is an insulin-dependent diabetic who has been prescribed a 2800-calorie diet. The diet "should contain foods that are low in sugar and carbohydrates" but instead it "contains white bread, white rice, white potatoes, and pasta, along with processed apple sauce as opposed to fresh fruit." The "diet also does not contain any real meat (with the exception of once or twice a week with a chicken leg quarter and processed breaded fish patty)." "The majority of meat served is made from processed soy (or T.V.P. textured vegetable protein)."

Plaintiff is "unable to properly maintain effective blood sugar levels or an appropriate A1C from eating these foods." If he eats "the diet served (the same food as the regular diet) [his] blood sugar levels range dangerously too high, which forces [him] to have to pick out what [he] could get away with eating, . . . which . . . drives

---

[2] *See supra* fn. 1.

[3] To date, Dr. Lopez-Rivera has not been served with a summons and copy of the amended complaint.

[4] The "Defendant(s)" section of the amended complaint indicates Guy worked as the food service director at Okaloosa CI. ECF Doc. 7, p. 2. The amended complaint's factual allegations, however, indicate Guy worked as the food service director at Santa Rosa CI. ECF Doc. 7, p. 5-6.

[his] blood sugar levels dangerously too low." The "blood sugar levels are well documented in [Plaintiff's FDOC] medical file as [he is] on Accu Check three times per day." He "also had to declare [a] medical emergency multiple times due to extremely low blood sugar levels."

While at Santa Rosa CI, Plaintiff submitted a grievance on July 11, 2017, "explaining in great detail the medical diagnosis of diabetes along with the effects of the improper foods being served." Defendant Guy responded: "All food is prepared per the master menu to include diets. The menu is set by Central Office and I may not change it." Six days later, Plaintiff submitted a similar grievance to Ms. Brown in the medical department; Brown's response stated, "per DOC policy, you are on the appropriate diet for your diagnosis."

After transferring to Okaloosa CI, Plaintiff continued to experience the same problems with his diet. On August 20, 2017, he filed a grievance concerning the diet with Ms. Moore in the medical department. In response, Moore told Plaintiff "to direct [his] grievance to the food service director[,]" Mr. Perez. On August 31, 2017, Plaintiff filed a grievance about his diet with Mr. Perez, who advised Plaintiff that "Okaloosa food service [department] follows all department rules and policies in regard to preparing meals set forth by the Master Menu Committee and FDC."

Next, Plaintiff submitted a grievance with the warden of Okaloosa CI. The grievance noted Plaintiff's insulin dosage had "been raised three different times

since [he] entered [the FDOC]" on March 28, 2017, and "if [he] were to eat the proper foods the extra insulin would not be needed . . . ." Assistant Warden Courtney denied the grievance, stating "the food service department abides by all policies and procedures of the department in preparing meals according to the Master Menu which is approved by an FDC dietician. The food service department cannot modify your diet, that must be addressed by the medical department." Plaintiff then filed a grievance about his diet with the Secretary of the FDOC's office. On November 28, 2017, T. Bowden denied the grievance and advised Plaintiff "if you have concerns with the therapeutic diet order written by health services [you] should address it with health services."

According to Plaintiff, "[n]ot one person in either food service, health services, warden's office, or the Secretary of DOC's office is willing to take responsibility for the . . . problems with the 2800 calorie diet and the lack of proper food." Plaintiff says the "dangerously high blood sugars are the cause of [him] having to use catheters to empty [his] bladder." Defendant Dr. Lopez-Rivera "says [the medical department] cannot get involved with food service and food service says that medical has to make the required changes." Plaintiff's "health is progressively getting worse and no one is helping to cure the problem."

Based on the foregoing, Plaintiff alleges Defendants violated the Eighth Amendment and the Americans with Disabilities Act ("ADA"). As relief, he seeks

"to have the 2800 calorie diet . . . changed to the proper dietary requirements for diabetics, along with the sum of $500,000 . . . ."

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted). "There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice." *Ellen S. v. Fla. Bd. of Bar Exam'rs*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (citation omitted). Further, mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible . . . ." *Id.* at 570.

## DISCUSSION

### I. EIGHTH AMENDMENT CLAIM

Defendants have moved for dismissal of Plaintiff's Eighth Amendment claim based on two grounds. First, Defendants argue they are immune from damages in their official capacities under the Eleventh Amendment. Second, Defendants argue Plaintiff has failed to allege even a *de minimis* showing of a physical injury, and thus cannot recover either compensatory or punitive damages against them, even in their individual capacities. Each of these arguments is addressed below.

#### A. Eleventh Amendment Immunity

Defendants argue they are entitled to Eleventh Amendment immunity to the extent they are being sued in their official capacity for damages under 42 U.S.C. §

1983.  ECF Doc. 19, p. 3-4.  In response, "Plaintiff objects to any immunity being granted to Defendants regardless of their official capacity as their actions placed Plaintiff's health in immediate danger through deliberate indifference . . . ."  ECF Doc. 26, p. 2.  Plaintiff further indicates that if Defendants are entitled to immunity, he wishes to pursue his Eighth Amendment claim against them in their individual capacities.  ECF Doc. 26, p. 2.

"The Eleventh Amendment bars damages suits against a state in federal court absent a waiver of immunity by the state or a valid congressional override."  *Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).  "Congress has not abrogated the states' sovereign immunity for purposes of section 1983 suits for damages, and Florida has not waived its immunity with regard to such suits."  *Id.* (citing *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512, 1520 (11th Cir. 1986)).  "The Eleventh Amendment bar also applies to damages actions brought against state officials in their official capacities because a judgment against the official in such a suit imposes liability on the entity that he represents and is effectively a suit against the state itself."  *Id.* (citing *Graham*, 473 U.S. at 169).

Plaintiff, therefore, cannot seek damages from Defendants in their official capacities under § 1983.  The inability to recover damages form Defendants in their official capacities, however, does not end the analysis because Plaintiff has also

alleged a claim for injuctive relief. Specifically, Plaintiff seeks "to have the 2800 calorie diet . . . changed to the proper dietary requirements for diabetics." ECF Doc. 7, p. 7. The Eleventh Amendment does not prevent Plaintiff from pursuing injunctive relief against state officials in their official capacities. *See Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995) ("[T]he Eleventh Amendment does not insulate state officials acting in their official capacities from suit in federal court, at least to the extent the complainant seeks prospective injunctive relief."). Because injunctive relief may be entered against the Defendants in their official capacities, the undersigned recommends that Defendants' motion to dismiss the Eighth Amendment claim in their official capacities be denied.

The Court finds, however, that to the extent Plaintiff seeks to recover damages against the Defendants in their individual capacity, that claim as to Defendant Inch should be dismissed.[5] Supervisory officials like Inch cannot be "liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between

---

[5] The Court previously concluded Plaintiff intended to pursue only an official capacity claim against the Secretary of the FDOC, as evidenced by its January 17, 2019, Order substituting Mark S. Inch as the Defendant for Julie L. Jones. ECF Doc. 21.

Case No. 3:18cv330-MCR-HTC

actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Id.*; *see also Braddy v. Fla. Dep't of Labor & Emp't Sec.*, 133 F.3d 797, 802 (11th Cir. 1998) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.").

Plaintiff alleges he submitted a grievance about his diet to the Secretary's office and T. Bowden denied the grievance. Plaintiff has not alleged facts indicating Secretary Inch (or former Secretary Jones) personally participated in the alleged Eighth Amendment violation or could be held responsible for the conduct of FDOC employees. Thus, to the extent Plaintiff is attempting to bring an Eighth Amendment individual capacity claim against Secretary Inch, it should be dismissed with prejudice.

B. <u>Lack of Consequential or Punitive Damages</u>

Defendants also argue Plaintiff's Eighth Amendment claim should be dismissed for lack of damages. Specifically, Defendants contend Plaintiff cannot recover compensatory or punitive damages because he failed to allege he suffered a

physical injury.[6]  ECF Doc. 19, p. 6-12.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  "Under the statute and [Eleventh Circuit] caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Powell*, 800 F.3d 1295, 1307 (11th Cir. 2015); *see also Al-Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011) (PLRA precludes the recovery of punitive damages in the absence of physical injury); *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000) ("compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated") (emphasis in original) (citations omitted).  Defendants suggest that a more than a *de minimis* physical injury is an injury that would "require . . . a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis [or] medical

---

[6] Defendants also claimed Plaintiff could not recover damages under the ADA because he had not alleged intentional discrimination or bad faith.  Because Plaintiff failed to state an ADA claim, the Court need not address Defendants' argument regarding damages under the ADA.

Case No. 3:18cv330-MCR-HTC

treatment for the injury[.]"[7] ECF Doc. 19, p. 8 (citing *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997)).

The amended complaint alleges Plaintiff's blood sugar levels fluctuate due to Defendants' failure to provide a proper diet. Plaintiff asserts he has had to declare a medical emergency multiple times due to low blood sugar levels, his insulin dosage has been raised three times since entering FDOC custody and high blood sugar levels cause him to use catheters to empty his bladder. The symptoms Plaintiff alleges he experiences due to his diet and the resultant exacerbation of his diabetes would lead a reasonable individual to seek treatment from a medical professional. Thus, it does appear that Plaintiff's allegations are sufficient to raise a reasonable inference that Plaintiff suffered more than a de minimis physical injury. *See Logan v. Hall*, 604 F. App'x 838, 840 (11th Cir. 2015) ("While the phrase 'greater than de minimis' has not been clearly defined, [the Eleventh Circuit has] held that the injury need not be significant.") (citation omitted).

In addition, Defendants concede that, regardless of whether Plaintiff suffered a more than *de minimis* physical injury, Plaintiff may still recover nominal damages for a violation of his Eighth Amendment rights. ECF Doc. 19, p. 9; *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (Nominal damages are appropriate "if a

---

[7] The portion of Defendants' Motion to Dismiss which argues Plaintiff did not suffer a more than *de minimis* physical injury does not cite to cases with analogous facts. Instead, Defendants cite to cases involving the application of chemical agents. ECF Doc. 19, p. 11-12.

plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."). Indeed, Section 1997e(e) does not prohibit Plaintiff from seeking nominal damages for an Eighth Amendment violation, *see Brooks*, 800 F.3d at 1307-08 (holding "that nothing in § 1997e(e) prevents a prisoner from recovering *nominal* damages for a constitutional violation without a showing of physical injury") (emphasis in original), and Plaintiff's amended complaint included a request for "any and all other relief deemed appropriate by this Honorable Court." ECF Doc. 7, p. 7. The Eleventh Circuit has interpreted nearly identical language as a request for nominal damages. *See Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (concluding prisoner "did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deem[s] appropriate'"); *see also Logan*, 604 F. App'x at 840 ("While a *pro se* plaintiff may not have requested nominal damages specifically in his complaint, in light of the liberal construction afforded *pro se* pleadings, a district court should consider whether such damages are recoverable before dismissing a complaint.") (citing *Hughes*, 350 F.3d at 1162-63). Based on the foregoing, the undersigned finds that Defendants' motion to dismiss on this ground should be denied.

II.     ADA Claim

Defendants also argue Plaintiff fails to state a claim against them under the ADA.[8]  ECF Doc. 19, p. 4-6.  "Under Title II of the ADA, public entities are prohibited from discriminating against individuals with disabilities or denying them services because of their disabilities."  *Owens*, 602 F. App'x at 477; *see also* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").  The ADA "unmistakably includes State prisons and prisoners within its coverage." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998).  To state a Title II claim, a plaintiff must allege: "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability."  *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

---

[8] Plaintiff's ADA claim is brought against Defendants in their official capacities, as there is no individual capacity liability under the ADA.  *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity liability under Title II of the ADA or RA.") (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)); *Stoddard v. Fla. Bd. of Bar Exam'rs*, 509 F. Supp. 2d 1117, 1124 (N.D. Fla. 2006) ("[T]he ADA allows recovery only against the entity engaged in the violation, not against individual employees or agents of the entity.").

Defendants do not dispute Plaintiff is a qualified individual with a disability under the ADA. ECF Doc. 19, p. 5. Defendants contend, however, that Plaintiff has failed to allege Defendants denied him the benefits of any FDOC services, programs or activities provided for other non-disabled inmates, or that they subjected him to discrimination because of his diabetes. *See Bircoll*, 480 F.3d at 1081 ("The Supreme Court has instructed that a disabled prisoner can state a Title II–ADA claim if he is denied participation in an activity provided in state prison by reason of his disability.") (citing *Yeskey*, 524 U.S. at 211). The undersigned agrees.

Plaintiff does not allege he was deprived of a benefit or was discriminated against; instead, he takes issue with the action taken by Defendants in response to his diabetes. Plaintiff acknowledges he was prescribed a 2800-calorie diet and contends it was inadequate to manage his diabetes. *See* ECF. Doc. 7 (stating, "I have been medically prescribed 2800 calorie diet," alleging Ms. Brown at medical stated "per DOC policy, you are on the appropriate diet" and seeking as injunctive relief to have his 2800-calorie diet changed). Because allegations of inadequate medical treatment are insufficient to state a claim under the ADA, Plaintiff's ADA claim should be dismissed with prejudice. *See Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) ("The ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, but do not provide them with a general federal cause of action for challenging the medical

treatment of their underlying disabilities. . . . [A diabetic prisoner's] claim that he was denied medical treatment, in this case, a proper diet, is not the type of claim that the ADA and the Rehabilitation Act were intended to cover.") (alterations, citations, quotations omitted); *see also Jones v. Rutherford*, 546 F. App'x 808, 811-12 (11th Cir. 2013) ("[T]he ADA is not a 'remedy for medical malpractice' and 'would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.'") (quoting *Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005)); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 443 (M.D. Tenn. 2018) ("[C]ourts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment but do not allege that the inmate was treated differently because of his or her disability."). The undersigned finds the Defendants' motion to dismiss the ADA claim should be granted.

Accordingly, it is respectfully RECOMMENDED:

1. That Defendants Inch and Guy's Motion to Dismiss (ECF Doc. 19) be GRANTED IN PART and DENIED IN PART.

2. That Plaintiff's ADA claim against Defendants be DISMISSED WITH PREJUDICE.

3. That Plaintiff's Eighth Amendment individual capacity claim against Defendant Inch be DISMISSED WITH PREJUDICE.

4. That Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim for injunctive relief against them in their official capacities be DENIED.

5. That Defendant's Motion to Dismiss Plaintiff's Eighth Amendment individual capacity claim against Defendant Guy be DENIED.

6. That this matter be referred to the undersigned for further proceedings on Plaintiff's Eighth Amendment individual and official capacity claim against Defendant Guy and Plaintiff's Eighth Amendment official capacity claim against Defendant Inch.

At Pensacola, Florida, this 25th day of March, 2019.

>       /s/ Hope Thai Cannon
> **HOPE THAI CANNON**
> **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.